UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

MOHAMED H. NASRELDEEN,

           Petitioner,

v.

ICE DETROIT FIELD OFFICE et al.,

           Respondents.
_____/

Case No. 1:23-cv-82

Honorable Jane M. Beckering

## **OPINION**

This is a habeas corpus action brought by a former immigration detainee under 28 U.S.C. § 2241. Petitioner Mohamed H. Nasreldeen was incarcerated at the Calhoun County Correctional Center (CCCC) in Battle Creek, Michigan, when he filed his petition on January 17, 2023. In his § 2241 petition, Petitioner challenges his detention by Immigration and Customs Enforcement (ICE). (ECF No. 1, PageID.2.) He also contests whether he had overstayed after the expiration of his parole period, and makes allegations about the manner of his arrest. (*Id.*, PageID.2, 6.) Petitioner also suggests that he has a pending case with the United States Citizenship and Immigration Services (CIS), apparently contesting the conclusion that he was not legally present in the United States. (*Id.*, PageID.6–7.)

The Court directed Respondents to answer the petition in an order (ECF No. 3) entered on February 6, 2023. Respondents filed a motion to dismiss (ECF No. 7) and memorandum in support thereof (ECF No. 8) on April 4, 2023. Respondents contend that Petitioner's challenge to his immigration detention is moot because ICE removed Petitioner to Egypt on January 26, 2023. (ECF No. 8, PageID.44.) Respondents also assert that, to the extent Petitioner asserts claims other

than for habeas corpus relief, his petition fails to state a claim and the Court lacks jurisdiction over such claims. (*Id.*) Respondents indicate they were unable to mail a copy of their motion and memorandum to Petitioner because they do not have a forwarding address for him in Egypt. (ECF No. 10.) For the following reasons, the Court will grant Respondents' motion to dismiss (ECF No. 7) and dismiss Petitioner's petition (ECF No. 1).

## Discussion

### I.     Background

Petitioner, a native of Egypt, was most recently paroled into the United States on February 12, 2017. (Obaid Decl. ¶ 3, ECF No. 8-1, PageID.51.) That period of parole expired on February 11, 2018. (*Id.*) Petitioner was arrested on January 17, 2022, after United States Customs and Border Patrol officers found a bag of cocaine in Petitioner's possession. (*Id.* ¶ 4.) The Department of Homeland Security (DHS) commenced removal proceedings, charging Petitioner with removability as a noncitizen not in possession of valid immigration documents. (*Id.*) Petitioner requested withholding of removal, but an immigration judge denied his request and ordered Petitioner removed to Egypt. (*Id.* ¶ 5, PageID.52.) The Board of Immigration Appeals (BIA) denied Petitioner's appeal. (*Id.*) The United States Court of Appeals for the Sixth Circuit denied Petitioner's motion for a stay of removal on January 25, 2023. (ECF No. 8-2.) On January 26, 2023, Petitioner boarded an airplane at the Detroit, Michigan, airport. (Obaid Decl. ¶ 6, ECF No. 8-1, PageID.52.) Petitioner arrived in Cairo, Egypt, on January 27, 2023. (*Id.*)

In his § 2241 petition, Petitioner indicates he is challenging his immigration detention. (ECF No. PageID.2.) He asserts that an officer slapped his face during his arrest and that he was unable to eat that entire day. (*Id.*, PageID.6.) Petitioner states that he was also denied an attorney when he was arrested. (*Id.*) Petitioner contends that he has a pending CIS case and a work permit that does not expire until 2024 and, therefore, should not be removed from the United States. (*Id.*)

Petitioner contends that he needs to be released because he has been "detained for a year now without any crime." (*Id.*, PageID.7.)

**II.     Discussion**

    **A.     Petitioner's Challenge to Immigration Detention**

Respondents first contend that Petitioner's challenge to his detention and his request for release are moot because Petitioner has been removed from the United States. (ECF No. 8, PageID.47–48.) The Court agrees.

The Supreme Court has held that under Article III, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). A case becomes moot "when the issues presented are no longer 'live' *or* the parties lack a legally cognizable interest in the outcome." *Gottfried v. Med. Planning Servs., Inc.*, 280 F.3d 684, 691 (6th Cir. 2002) (emphasis in original) (citing *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1978)).

Federal courts may exercise habeas jurisdiction when a petitioner alleges that he or she is "in custody" in violation of federal law. *See* 28 U.S.C. § 2241(c)(3). Petitioner, however, has already been deported to Egypt. The Court, therefore, cannot grant the relief he seeks—release from custody. *See Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004). Petitioner's request for release from custody became moot on January 26, 2023, when he was removed from the United States and was no longer in ICE custody. *See Al-Khawalani v. U.S. Dep't of Homeland Security*, No. 2:19-cv-182, 2020 WL 1990965, at *1 (W.D. Mich. Apr. 1, 2020), *report and recommendation adopted*, 2020 WL 1986485 (W.D. Mich. Apr. 27, 2020). Petitioner's § 2241 petition, therefore, will be dismissed as moot to the extent it challenges Petitioner's prior ICE detention and seeks release from custody.

### B.     Remaining Claims for Relief

Petitioner appears to take issue with his removal proceedings themselves, contending that he had a pending case with CIS and a valid work permit and, therefore, should not have been ordered removed. This Court lacks jurisdiction over such a claim, as "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." *See* 8 U.S.C. § 1252(a)(5); *see also Elgharib v. Napolitano*, 600 F.3d 597, 606 (6th Cir. 2010). Petitioner's challenge to his removal proceedings, therefore, will be dismissed for lack of jurisdiction.

Petitioner also includes allegations concerning his treatment when he was arrested by Customs and Border Patrol officers. Such claims implicate Petitioner's civil rights and must be filed by way of a civil rights complaint. *See Avery v. Phillips*, No. 2:14-cv-1276-STA-egb, 2016 WL 94143, at *2 (W.D. Tenn. Jan. 7, 2016) (noting that "[a] civil rights action and a habeas petition have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage"). The Court, therefore, will dismiss any civil rights claims without prejudice to Petitioner's right to assert them in a civil rights action.

### Conclusion

For the reasons discussed above, the Court will enter an order and judgment granting Respondents' motion to dismiss (ECF No. 7) and dismissing Petitioner's § 2241 petition.[1]

Dated:  April 17, 2023                                              /s/ Jane M. Beckering
                                                                    Jane M. Beckering
                                                                    United States District Judge

---

[1] In § 2241 cases involving immigration detainees, the Court need not address whether to grant a certificate of appealability. *See Ojo v. I.N.S.*, 106 F.3d 680, 681 (5th Cir. 1997).